IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH R. CHAVEZ,

    Plaintiff,

v.                                                          No. 20-cv-470 RB-KRS

NEW MEXICO DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff Joseph Chavez's Complaint for Armed Assault and Battery. (Doc. 1-1.) Mr. Chavez is incarcerated and appears *pro se*. He alleges three officers at the Lea County Correctional Facility (LCCF) beat and sexually assaulted him in his cell. The Complaint raises claims under the New Mexico Tort Claims Act (NMTCA), the Prison Rape Elimination Act (PREA), and for "inhumane" prison conditions. Although the PREA does not create a private right of action, the Court liberally construes these allegations to raise a federal claim for cruel and unusual punishment under the Eighth Amendment and 42 U.S.C. § 1983. *See Haffner v. Geary Cty. Sheriff's Dept*, No. 18-3247-SAC, 2019 WL 1367662, at *4 (D. Kan. Mar. 26, 2019) (collecting cases for the proposition that § 1983, not PREA, is the federal remedy for prison assault); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (liberal construction of *pro se* pleadings requires the Court to overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, or . . . unfamiliarity with pleading requirements").

Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court concludes all claims against LCCF Officers Mendoza, Fuentes, and Martinez survive initial review. This includes state tort claims and federal § 1983 claims. As to the remaining Defendants, the Court must distinguish between state tort claims and federal constitutional claims. The Complaint also names the New Mexico Department of Corrections (NMDOC); the State of New Mexico; Secretary of Corrections Alisha Tafoya-Lucero; GEO Group; LCCF; Former LCCF Warden Smith; and current LCCF Warden Santisteven. (Doc. 1-1 at 1.) It appears LCCF is a private prison operated by GEO Group. *See* Lea County Correctional Facility, https://cd.nm.gov/divisions/adult-prison/nmcd-prison-facilities/lea-county-correctional-facility/ (last visited Apr. 1, 2021). With respect to the state tort claims, the New Mexico Supreme Court holds that a private prison, its operator, and its wardens can be vicariously liable for a sexual assault by guards. *See Spurlock v. Townes*, 368 P.3d 1213, 1216 (N.M. 2016). Any state tort claims against LCCF, GEO Group, and the Wardens therefore survive initial review.

The tort claims against NMDOC, the State of New Mexico, and the Secretary of Corrections must be asserted under the New Mexico Tort Claims Act N.M. Stat. Ann. §§ 41-4-1–30 (TCA), which waives sovereign immunity for certain tort claims against the government and its officials. Attacks on inmates are analyzed under § 41-4-6. *See Callaway v. N.M. Dep't of Corr.*, 875 P.2d 393 (N.M. App. 1994); *Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993). For a waiver of immunity to occur under § 41-4-6, a defendant's "negligent 'operation or maintenance' must create a dangerous condition that threatens the general public or a class of users" on the property in question. *Upton v. Clovis Mun. Sch. Dist.*, 141 P.3d 1259, 1261 (N.M. 2006). The New Mexico Court of Appeals has found a waiver of immunity, for example, where the prison allowed known,

2

violent gang members to roam the general population. *See Callaway*, 875 P.2d at 393–95. Plaintiff's allegation that a group of guards raped him is sufficient to require a response from the NMDOC, the State of New Mexico, and the Secretary of Corrections.

As to any § 1983 claims against the non-officer Defendants (NMDOC; the State of New Mexico; Secretary of Corrections Alisha Tafoya-Lucero; GEO Group; LCCF; Former LCCF Warden Smith; and current LCCF Warden Santisteven), the Complaint fails to survive initial review. The State of New Mexico is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, cannot be sued for damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63–64 (1989). The same rule applies to LCCF, NMDOC, and the Secretary of Corrections. *Id.*; *Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities . . . are not 'persons' . . . under § 1983"); *Blackburn v. Dep't of Corr.*, 172 F.3d 62, 63 (10th Cir. 1999) (NMDOC); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (Secretary of Corrections).[1] Prison wardens and private entities can be liable under § 1983, but only if they "had an 'official . . . policy of some nature . . . that was the direct cause or moving force behind the constitutional violations." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (addressing entities); *see also Brown v. Montoya*, 662 F.3d 1152, 1164–65 (10th Cir. 2011) (applying the rule to prison supervisors). Plaintiff has not alleged GEO or any Warden adopted a policy that caused the attack. Accordingly, any § 1983 claims are dismissed as to NMDOC; the State of New Mexico; Secretary of Corrections Alisha Tafoya-Lucero; GEO Group; LCCF; Former LCCF Warden Smith; and current LCCF Warden Santisteven, but the Court will grant leave to

---

[1] *Wood* notes that "sovereign immunity . . . extends to state officials sued in their official capacities." 414 F. App'x at 105. The Court discerns that Mr. Chavez sues the Secretary of Corrections in her official capacity, in an effort to recover from NMDOC.

amend those § 1983 claims within 30 days of entry of this Order.

Yenson, Allen & Wosick, P.C. (Counsel) entered an appearance on behalf of GEO Group, Warden Santistevan, Officer Mendoza, and Officer Martinez (hereinafter, the "Counseled Defendants"). The Court will direct the Counseled Defendants to answer the Complaint, as set forth above. With respect to the tort claims against the remaining Defendants, Plaintiff must provide an address for service of process within 30 days of entry of this Order. *See Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants—rather than obliging courts to assist in this endeavor—even when the plaintiffs are in prison.").

**IT IS ORDERED** that within 30 days of entry of his Order, Counsel shall file an answer on behalf of GEO Group, Warden Santistevan, Officer Mendoza, and Officer Martinez. The answer shall address all state and federal claims against Mendoza and Martinez and all state tort claims against GEO Group and Santistevan.

**IT IS FURTHER ORDERED** that within 30 days of entry of his Order, Mr. Chavez shall provide an address for service on Defendants New Mexico Department of Corrections; the State of New Mexico; Secretary of Corrections Alisha Tafoya-Lucero; LCCF; Officer Fuentes; and Former LCCF Warden Smith. If Mr. Chavez fails to timely provide an address for any Defendant, the Court will dismiss his claims against the Defendant(s) without further notice.

**IT IS FINALLY ORDERED** that all federal § 1983 claims against NMDOC; the State of New Mexico; Secretary of Corrections Alisha Tafoya-Lucero; GEO Group; LCCF; former LCCF Warden Smith; and current LCCF Warden Santisteven are **DISMISSED without prejudice**; and Mr. Chavez may file a supplemental pleading raising amended § 1983 claims against those

Defendants within 30 days of entry of this Order. If Mr. Chavez declines to file a supplemental pleading, all federal claims against those Defendants will be dismissed with prejudice.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE