**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSEPH R. CHAVEZ,

      Plaintiff,

v.                                          No. 1:20-cv-470 RB/KRS

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al.*,

      Defendants.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on March 15, 2022.  At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of 25 interrogatories, 25 requests for production and 25 requests for admission by Plaintiff to the GEO Defendants, collectively. (Responses due 30 days after service).

(b) Maximum of 25 interrogatories, 25 requests for production and 25 requests for admission by Plaintiff to Secretary Tafoya-Lucero. (Responses due 30 days after service).

(c) Maximum of 25 interrogatories, 25 requests for production and 25 requests for admission by the GEO Defendants, collectively, to Plaintiff. (Responses due 30 days after service).

(d) Maximum of 25 interrogatories, 25 requests for production and 25 requests for admission by Secretary Tafoya-Lucero to Plaintiff. (Responses due 30 days after service).

(e) Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendants. Each deposition limited to maximum of four (4) hours unless extended by agreement of parties. Depositions of Plaintiff and retained experts limited to a maximum of seven (7) hours.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiff to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15:  **April 1, 2022**;

(b) Deadline for Defendant to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15:  **April 15, 2022**;

(c) Deadline for Plaintiff's expert reports:  **July 1, 2022**;

(d) Deadline for Defendants' expert reports:  **August 15, 2022**;

(e) Termination of discovery:  **September 30, 2022**;

(f)  Deadline for supplementing discovery/disclosures: Due within thirty (30) days of knowledge of information or documents to be supplemented pursuant to Rule 26 generally or to either party's discovery requests;

(g) Motions relating to discovery:  **October 20, 2022**;

(h) All other motions:[1]  **October 31, 2022**;

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order.

(i)     Pretrial order:              Plaintiff to Defendants by:  **December 16, 2022**;

                                      Defendants to Court by:  **December 30, 2022**.

      **IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question.  Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline.  Discovery must be completed on or before the termination of the discovery deadline.  A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline.  The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery.  The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

 

                              _____

                              KEVIN R. SWEAZEA
                              UNITED STATES MAGISTRATE JUDGE